**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TIMOTHY HARNETT also known as
Shaiabdullah Muhammad,
                              Plaintiff,

           v.                                                No. 07-CV-1232
                                                               (LEK/DRH)
DANIEL A. SENKOWSKI; Superintendent,
Clinton Correctional Facility; LAWRENCE
SEARS, Deputy Superintendent, Clinton
Correctional Facility; GLENN S. GOORD,
Commissioner of DOCS; CASINE,
Correctional Officer, Clinton Correctional
Facility; DALE ARTUS, Superintendent,
Clinton Correctional Facility; PAUL M.
KNAPP, Deputy Superintendent, Clinton
Correctional Facility; J. BELL, Captain,
Clinton Correctional Facility; D. LaCLAIR,
Grievance Sergeant, Clinton Correctional
Facility; THOMAS G. EAGEN, Grievance
Director; TARA BROUSSEAU, Grievance
Supervisor, Clinton Correctional Facility;
EDWARD J. McSWEENEY, Assistant
Commissioner of DOCS; J. TEDFORD,
Deputy Superintendent, Clinton Correctional
Facility; JOHN DOE, #1-11, Correctional
Officers, Clinton Correctional Facility; and
KAREN BELLAMY, Assistant Commissioner
of DOCS,
                              Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

TIMOTHY HARNETT
Plaintiff Pro Se
01-A-3567
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO                ROGER W. KINSEY, ESQ.
New York State Attorney General     Assistant Attorney General
Attorney for Defendants

The Capitol
Albany, New York 12224

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Timothy Harnett ("Harnett"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, twenty-two DOCS employees and its Commissioner, violated his constitutional rights under the First and Eighth Amendments.[2] Compl. (Docket No. 1).  Presently pending are defendants' motions (1) to dismiss pursuant to 28 U.S.C. § 1915(g) and (2) for sanctions and dismissal pursuant to Fed. R. Civ. P. 37. Docket Nos. 43, 47.  Harnett opposes the motion for sanctions.  Docket No. 46.[3]  For the following reasons, it is recommended that defendants' motion for sanctions and to dismiss be granted in all respects.

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2]Harnett is familiar with the litigation process, having filed eight federal actions since 2000 in courts in the Second Circuit with three in the Northern District.  See U.S. Party/Case Index (visited Feb. 9, 2009) <http://pacer.uspci.uscourts. gov/cgi-bin/dquery.pl>; see also Harnett v. Pilley, No. 08-CV-285F (W.D.N.Y. Apr. 25, 2008) (detailing Harnett's extensive litigation history in the federal courts).  Harnett's lawsuits all appear to relate to his incarceration in DOCS facilities

[3]In a letter filed February 23, 2009, Harnett requested an extension of time to respond to defendants' motion for sanctions and to dismiss.  Docket No. 48.  The request was granted and Harnett's deadline to respond was extended to March 17, 2009.  Text Order dated 02/24/2009.  No response was filed by Harnett.

## I.  Background

The facts are related herein in the light most favorable to Harnett as the non-moving party.  See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994).

Harnett proceeds in this action in forma pauperis ("IFP").   Docket Nos. 2, 4.  At all relevant times, Harnett was incarcerated at Clinton Correctional Facility ("Clinton").  While there, Harnett did not receive religious alternative meals on five occasions.  Compl. ¶¶  11-14, 19-22, 50-51.  Additionally, despite Harnett's numerous letters, grievances, and complaints, defendants in supervisory positions concealed the retaliatory acts which were taken against Harnett.  Compl. ¶ 35.  Before this action was commenced, Harnett had been transferred to Attica Correctional Facility ("Attica").  Id. ¶¶ 2, 87.  Prior to November 28, 2008, Harnett was again transferred to Elmira Correctional Facility ("Elmira").  Docket No. 46.

## II. Discussion

Defendants seek dismissal of the complaint on the grounds that (a) Harnett's IFP status should be revoked pursuant to the three-strike rule, (b)  the complaint should be dismissed as a sanction in for Harnett's refusal to participate in a deposition, and (c) defendants should be awarded costs and attorney's fees for the deposition.

Under 28 U.S.C. § 1915(g), prisoners are barred from proceeding IFP after three or more claims have been dismissed as frivolous, malicious, or for failing to state a claim.[4]

---

[4] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation.  Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

3

Frivolous claims "lack[] an arguable basis either in law or in fact."  Tafari v. Hues, 473 F.3d

440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Malicious

claims are those filed with the intent to hurt or harm another.  Id. (citations omitted).  The

failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does

not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will

invariably fall afoul of the [§ 1915(g) standard]."  Neitzke, 490 U.S. at 326; see also Tafari,

473 F.3d at 442 (citations omitted).

    This "three-strikes" provision contains a narrow exception which permits suits,

notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious

physical injury."  28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th

Cir. 2002) (applying  imminent danger exception "[w]hen a threat or prison condition is real

and proximate, and when the potential consequence is 'serious physical injury.'")   In

deciding whether application of the exception is warranted, "a court must examine the

available pleadings, construed in the light most favorable to the [prisoner] . . . ."  Gamble v.

Maynard, No. 06-CV-1543 (DNH/DEP), 2008 WL 150364, at *4 (N.D.N.Y. Jan. 14, 2008)

(citations omitted).  "This exception requires a showing that the prisoner was under such

imminent danger at the time of filing; the exception does not provide a basis to avoid

application of the three strikes on the basis of past harm."  Id. (citations omitted).  This harm

must also be real, serious, and not "merely speculative or hypothetical."  Id. (citations

omitted).

    Less than a year ago, Harnett's IFP status was revoked under § 1915(g).  See Harnett

v. Pilley, No. 08-CV-285F (W.D.N.Y.  Apr. 25, 2008) (Docket No. 47-2).  As that decision

demonstrates, Harnett has previously had at least three cases dismissed as frivolous or

4

failing to state a claim.  Id.; see also Harnett v. Newman, No. 01-CV-56 (2d Cir. June 21,

2001); Harnett v. Newman, No. 01-CV-374 (MBM) (S.D.N.Y. Jan. 18, 2001); Harnett v.

Rivera, No. 01-CV-375 (MBM) (S.D.N.Y. Jan. 18, 2001).

　　　Harnett has failed specifically to plead facts sufficient to place him within the imminent

danger exception provided by§1915(g), which is applicable "[w]hen a threat or prison

condition is real and proximate, and when the potential consequence is 'serious physical

injury.'" Lewis, 279 F.3d at 531.  However, even if Harnett had contended that such danger

once existed, it is of no consequence as he has since been transferred to two different

facilities and no longer faces the jeopardy alleged in the complaint.  See McFadden v.

Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (holding that the imminent danger

exception is inapplicable if it does not "involve [the] present incarceration.").  Additionally,

dismissal is not precluded by the fact that Harnett has already been granted IFP status in

this action.  When a court becomes aware of three prior strikes only after granting IFP

status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See

McFadden, 16 F. Supp. 2d at 247.

　　　Therefore, it is recommended that (1) the order granting IFP status to Harnett (Docket

No. 4) be vacated, and (2) Harnett's complaint be conditionally dismissed unless he pays

the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district

court.[5]

---

[5]As noted, defendants have also moved to dismiss or for sanctions based on
Harnett's refusal to proceed with his deposition.  Docket No. 43.  In light of the disposition
recommended herein, that motion need not be addressed as dismissal is recommended
herein on an alternative ground.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that:

    1. Defendants' motion to dismiss (Docket No. 47) be **GRANTED** and that

        A. Harnett's IFP status be **REVOKED**; AND

        B. This action be **DISMISSED** as to all claims and all defendants unless

Harnett pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by

the district court; and

    2. Defendants' motion to dismiss or for sanctions (Docket No. 43) be **DENIED**

without prejudice to renewal if this action is not dismissed under § 1915(g).

    Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO

OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE

REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  May 27, 2009
       Albany, New York

United States Magistrate Judge